UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILOU SAMSON,<br><br>        Plaintiff,<br><br>    v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>        Defendants. | Case No. 20-cv-07714-VC<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 11, 14, 19 |

This order addresses three motions: Samson's motion to remand, J.P. Morgan Chase's (Chase's) motion to dismiss, and Quality Loan Service's (QLS's) motion to dismiss. The motion to remand is denied, while both motions to dismiss are granted.

*Samson's Motion to Remand*. Assuming that Samson properly served Chase, Chase's removal was timely because, under Federal Rule of Civil Procedure 6(a)(1)(C), the deadline (which was on a Sunday) was extended to the next court day. Thus, Chase had until November 2, 2020, to remove the case. Furthermore, since QLS appears to be a nominal trustee, and Samson has neither disputed this characterization nor alleged facts to the contrary, QLS's consent was unnecessary for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

*Chase's Motion to Dismiss*. As to Samson's breach-of-contract claim, Samson's theory of breach is clearly flawed, and numerous district courts have dismissed similar claims for this reason. *See, e.g.*, *Ramos v. Wells Fargo Bank, N.A.*, 2018 WL 3036913, at *5 (N.D. Cal. June 19,

2018) (listing cases). Thus, for the reasons stated in *Ramos*, the breach-of-contract claim is dismissed.

According to Civil Code § 2924.12, Samson can only obtain injunctive relief in her Civil Code § 2923.7 claim because her complaint makes clear that a foreclosure has not yet occurred. But Samson cannot obtain injunctive relief against Chase because, as Samson herself admits, Chase is no longer the loan servicer. *See Shupe v. Nationstar Mortgage LLC*, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017). Thus, her claim under the Civil Code is dismissed.[1]

*QLS's Motion to Dismiss*. QLS's motion to dismiss is also granted. Samson only brings claims for declaratory relief, breach of contract, and unfair competition against QLS, but these claims fail for the reasons outlined in *Ramos*. 2018 WL 3036913, at *5.

If Samson wishes to make another attempt at stating a claim against these defendants, she must file an amended complaint within 14 days of this order. The only exception is the claim under Civil Code § 2923.7, which may not be asserted until and unless Samson has a valid claim for damages. Finally, if Samson chooses to file an amended complaint, her counsel is notified that they must list their full name on the pleadings, not merely their first initial and last name. They must also be admitted to practice in this Court.

**IT IS SO ORDERED.**

Dated: March 9, 2021

_____
VINCE CHHABRIA
United States District Judge

---

[1] Samson's claims for declaratory relief, breach of the covenant of good faith and fair dealing, and unfair competition, which duplicate her breach-of-contract claim, similarly fail for the reasons outlined in *Ramos*. 2018 WL 3036913, at *5.