UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILOU SAMSON,<br><br>   Plaintiff,<br><br>  v.<br><br>SELECT PORTFOLIO SERVICING, INC., et al.,<br><br>   Defendants. | Case No. 20-cv-07714-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 47 |

  Select Portfolio Servicing's motion to dismiss is granted. Claims 1, 2, and 6 are clearly precluded by the Court's previous order (Dkt. No. 41). *See also Ramos v. Wells Fargo Bank, N.A.*, 2018 WL 3036913, at *5 (N.D. Cal. June 19, 2018).

  As to claim 3, Samson has not adequately pled a violation of California Civil Code section 2924.11 or section 2924.10. In certain circumstances, section 2924.11 prevents a mortgage servicer from recording a notice of default or a notice of sale, as well as from conducting a trustee's sale, when a foreclosure prevention alternative (such as a loan modification) has been approved. Cal. Civ. Code § 2924.11. But Samson has not pled that she executed a foreclosure prevention alternative. Indeed, Samson's complaint makes clear that her application for a loan modification was *not* approved.[1] In her opposition brief, Samson changes course and claims that she meant to cite section 2924.10. That section requires a mortgage service to provide a written acknowledgment of a loan modification application within five days

---

[1] Samson also alleges that Civil Code § 2924.11 prevents a mortgage servicer from recording a notice of sale or from conducting a trustee's sale while a borrower's loan medication is pending. Complaint ¶ 68. But the statute includes no such requirement.

of receiving it. Cal. Civ. Code § 2924.10. But Samson alleges that Select Portfolio Servicing failed to send her a written notification explaining why her loan modification application *was denied*—not that it failed to acknowledge the receipt of her application.

As to claim 4, Samson fails to adequately plead a violation of California Civil Code section 2923.7. When a borrower requests a foreclosure prevention alternative, section 2923.7 requires that the mortgage servicer establish a "single point of contact." As is relevant here, the contact is responsible for communicating the application process for foreclosure prevention alternatives, coordinating the receipt of documents for an application, and providing timely and accurate information on the current status of an application. Cal. Civ. Code § 2923.7. Samson vaguely alleges that her single point of contact told her that she should sell her home rather than apply for a loan modification and that her loan modification application would be denied because one of her previous applications had been denied. She also argues that her contact lacked sufficient knowledge of her situation to provide "assessments" of her application. But such conduct does not appear to violate any of the section's requirements, and Samson has not explained how it might. *See Jacobik v. Wells Fargo Bank, N.A.*, 2017 WL 5665666, at *8 (N.D. Cal. Nov. 26, 2017).[2]

As to claim 5, Samson has failed to plead a violation of California Civil Code section 1788.17. Section 1788.17 requires compliance with certain provisions of the federal Fair Debt Collection Practices Act (FDCPA). As is relevant here, the FDCPA prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e. Samson alleges that Select Portfolio Servicing told her that "her loan had been referred to [it's] 'legal department' in order to take 'legal action' to collect on the loan." Complaint ¶¶ 37-38. But then, Select Portfolio Servicing apparently pursued non-judicial foreclosure instead. *Id.* ¶ 39. Samson, however, has not pled any facts suggesting that Select

---

[2] Nor does Samson's allegation that Select Portfolio Servicing assigned her multiple, different people violate the section, because section 2923.7 clearly allows a mortgage servicer to assign a borrower a "team of personnel," rather than one person. Cal. Civ. Code § 2923.7(e).

Portfolio Servicing had no intention of taking legal action, or that it could not legally take such action. *Cf. Echlin v. PeaceHealth*, 887 F.3d 967, 977-78 (9th Cir. 2018); *Cook v. Green Tree Servicing, LLC*, 154 F. Supp. 3d 742, 750-51 (S.D. Ill. 2016).[3]

The case is dismissed with prejudice because it is clear at this point that amendment would be futile. Judgment will be entered in favor of the defendants, and the Clerk's Office is directed to close the case.

**IT IS SO ORDERED.**

Dated: June 21, 2021

_____
VINCE CHHABRIA
United States District Judge

---

[3] Claim 7 under the Unfair Competition Law claim is predicated on Samson's other claims, so it too is dismissed.